IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARTHUR LEE MARTIN,<br>EMMA LOIS MARTIN,<br>PAMELA JOY MARTIN, AND<br>MICHAEL RAMON MARTIN,<br><br>    *Plaintiffs*,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br>JOHN A. LOCKARD,<br>MICHAEL C. WHOLLEY,<br>DENISE S. HOLMES, AND<br>C. J. WARSZAWSKI,<br><br>    *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:06CV00159 (JR) |

**NAVY FEDERAL CREDIT UNION'S, JOHN A. LOCKARD'S,
MICHAEL C. WHOLLEY'S, DENISE S. HOLMES'S, AND C. J. WARSZAWSKI'S
<u>RULE 12(b)(1), (2), (3), & (6) MOTION TO DISMISS</u>**

Defendants Navy Federal Credit Union ("Navy Federal"), John A. Lockard, Michael C. Wholley, Denise S. Holmes, and C. J. Warszawski respectfully move this Court to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1), (2), (3), and (6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

_____
Jeffrey W. Larroca #453718
Charles W. Chotvacs #484155
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

February 21, 2006

*Counsel for Navy Federal Credit Union,
John A. Lockard, Michael A. Wholley,
Denise S. Holmes, and C. J. Warszawski*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ARTHUR LEE MARTIN, <br> EMMA LOIS MARTIN, <br> PAMELA JOY MARTIN, AND <br> MICHAEL RAMON MARTIN, <br><br> *Plaintiffs*, <br><br> v. <br><br> NAVY FEDERAL CREDIT UNION, <br> JOHN A. LOCKARD, <br> MICHAEL C. WHOLLEY, <br> DENISE S. HOLMES, AND <br> C. J. WARSZAWSKI, <br><br> *Defendants*. | Case No. 1:06CV00159 (JR) |

### NAVY FEDERAL CREDIT UNION'S, JOHN A. LOCKARD'S, MICHAEL C. WHOLLEY'S, DENISE S. HOLMES'S, AND C. J. WARSZAWSKI'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(1), (2), (3), & (6) MOTION TO DISMISS

Defendants Navy Federal Credit Union's ("Navy Federal"), John A. Lockard's, Michael C. Wholley's, Denise S. Holmes's, and C. J. Warszawski's (collectively "Defendants") motion to dismiss should be granted pursuant to Rule 12(b)(1), (2), (3), and (6) of the Federal Rules of Civil Procedure. The complaint filed by Plaintiffs Arthur Lee Martin, Emma Lois Martin, Pamela Joy Martin, and Michael Ramon Martin (collectively "Plaintiffs") fails to denote jurisdiction over the subject matter or the individual defendants, establish that venue in this District is proper, or state a claim upon which relief can be granted.

### I. FACTS

The facts asserted in Plaintiffs' complaint are sparse. Plaintiffs allege that they

experienced credit card fraud in November/December 2003. Based on the allegedly fraudulent actions of others, Plaintiffs assert that Navy Federal "made banking, accounting, and bookkeeping errors with [plaintiffs'] accounts." Plaintiffs go on to assert that even though an unknown third-party was utilizing Plaintiffs' credit cards, it was Navy Federal, and not the perpetrators of the fraud, who "withdrew funds from our accounts, without our knowledge or permission, to pay what we didn't owe." Plaintiffs allege that after the fraudulent activity was discovered, they alerted the police, their credit card company, and Navy Federal's fraud department. Plaintiffs allege that they have visited Navy Federal branches in the D.C. metropolitan area to resolve the problem; but to no avail.

## II. ARGUMENT

### A. Lack of Subject Matter Jurisdiction

This Court does not have subject matter jurisdiction over this action. "[T]he party that is seeking to invoke federal jurisdiction, has the burden of establishing that jurisdiction exists, and this burden may not be shifted to the party challenging the jurisdiction." *Nat'l Credit Union Admin. Bd. v. Christenson*, 627 F. Supp. 381, 386 (E.D. Mo. 1986) (citing *Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 653 (8th Cir.1982)); *accord Nicholson v. Marine Corps West Fed. Credit Union*, 953 F. Supp. 1012, 1014 (N.D. Ill. 1997) (stating that "A party filing a complaint in federal court has the burden of establishing federal jurisdiction over the subject matter of the suit"); *see also Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Plaintiffs' complaint fails to meet their burden.

First, the complaint fails to demonstrate diversity jurisdiction. *See* 28 U.S.C. § 1332(a). In order to have jurisdiction, there must be complete diversity of citizenship between the Plaintiffs and all of the Defendants. *Jackson v. Strayer College*, 941 F. Supp. 192, 195 (D.D.C.

1996) (stating that "[w]hen a plaintiff sues more than one defendant in a diversity action, the defendant must meet the requirements of the diversity statute for *each* defendant or face dismissal" (internal quotations omitted)); *accord Wagshal v. Rigler*, 947 F. Supp. 10, 12 (D.D.C. 1996). Plaintiffs, however, fail to demonstrate that complete diversity is present here. Plaintiffs do not state where they themselves are domiciled. Even assuming, however, that they live at the address given on the complaint, i.e., are citizens of Maryland, Plaintiffs still fail to address of what State the individually named Defendants are citizens, only listing Navy Federal's address on the complaint for each. As such, Plaintiffs have failed to carry their burden because any one of the individually named Defendants could be a citizen of Maryland and destroy citizenship.

Second, the complaint fails to demonstrate jurisdiction based on a federal question. *See* 28 U.S.C. § 1331; *see also Jackson*, 941 F. Supp. at 195 (stating that "[t]he federal question raised must be a direct element in the plaintiff's claim, and must be substantial and not plainly frivolous," and the burden of demonstrating that a federal question exists is on the plaintiff). Plaintiffs do not allege any federal constitutional, statutory, or regulatory rights that have been infringed by Defendants' alleged actions.

Accordingly, this Court lacks jurisdiction over the subject matter of the action and it should be dismissed pursuant to Rule 12(b)(1).

**B.    Lack of Personal Jurisdiction Over the Individual Defendants**

Plaintiffs' complaint fails to demonstrate that this Court has personal jurisdiction over the individually named defendants. "The plaintiff bears the burden of proof of establishing personal jurisdiction. . . . The plaintiff must make a prima facie showing of personal jurisdiction by alleging specific facts that demonstrate purposeful activity by the defendant in the District of Columbia invoking the benefits and protections of its laws." *United States v. Smithfield Foods,*

3

*Inc.*, 332 F. Supp. 2d 55, 60 (D.D.C. 2004) (internal citations omitted). Plaintiffs allegedly served John Lockard, Michael Wholley, Denise Holmes, and C. J. Warszawski at their business address in Vienna, Virginia. However, there is no information to suggest that any of the individually names defendants are residents of the District of Columbia. Nor is there any information to suggest that this Court has general personal jurisdiction over them due to continuous contact with the District of Columbia. Nor is there any information to suggest that this Court has specific personal jurisdiction over the individually named defendants based on their contacts with the District in this case, as there are none asserted. Accordingly, this Court does not have personal jurisdiction over the individually named defendants in this case and the complaint as to them should be dismissed pursuant to Rule 12(b)(2).

C.     **Improper Venue**

Venue is not pled by Plaintiffs. Based on the sparseness of Plaintiffs' complaint, Defendants cannot determine whether Plaintiffs are alleging subject matter jurisdiction based on federal question or diversity grounds. Moreover, Defendants cannot glean from the complaint where the alleged wrongdoing occurred. Accordingly, Plaintiffs have failed to establish whether venue is appropriate under either 28 U.S.C. § 1391(a) or (b). *See Freeman v. Fallin*, 254 F. Supp. 2d 52, 55 (D.D.C. 2003) (noting that "[b]ecause it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper"). Pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a), this Court should dismiss the action for improper venue.

D.     **Failure to State a Claim**

Plaintiffs' complaint fails to state a claim. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, and dismissal is only appropriate if the plaintiff can prove no set

4

of facts in support of his claim which would entitle him to relief. *See* FED. R. CIV. P. 12(b)(6); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The Court must accept as true all well-pleaded factual allegations and grant plaintiff the benefit of all *reasonable* inferences that can be derived from the alleged facts. *Chandamuri v. Georgetown Univ.*, 274 F. Supp. 2d 71, 77 (D.D.C. 2003) (emphasis in original). However, the Court need not accept inferences or conclusory allegations unsupported by the facts set forth in the complaint, nor legal conclusions cast as factual allegations. *Andrx Pharms., Inc. v. Biovail Corp. Int'l*, 256 F.3d 799, 805 (D.C. Cir. 2001).

Plaintiffs' complaint fails to follow the dictates of Rule 8(a)(2) by failing to state a claim for relief, and, as such, must be dismissed. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) (stating that "All that's required to state a claim in a complaint filed in federal court is a short statement, in plain (that is ordinary, nonlegalistic) English, of the legal claim"). Accordingly, "[a] motion to dismiss under Rule 12(b)(6) tests . . . whether the plaintiff has properly stated [such] a claim." *Chandamuri*, 274 F. Supp. 2d at 76. In this case, however, no such statement has been alleged.

Plaintiffs fail to state *any* claim sufficient to entitle them to relief. All that Plaintiffs allege in their complaint is a brief rendition of facts that have no consequence. The complaint is nothing more than a general, broad-side against Navy Federal regarding the alleged fraudulent

5

actions of an unidentified third-party and a generalized failure on the part of Defendants to address Plaintiffs' issues. Nothing more. Even under our system of notice pleading, and the most liberal reading of Rule 8(a)(2), more is required. The facts here do not demonstrate cognizable rights. *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 328 (4th Cir. 2001) (noting that "While we certainly do not expect plaintiffs to prove a claim in their complaint, they must state a claim therein").

Accordingly, Plaintiffs' complaint should be dismissed pursuant to Rule 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiffs' complaint.

Respectfully submitted,

Jeffrey W. Larroca #453718
Charles W. Chotvacs #484155
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

February 21, 2006

*Counsel for Navy Federal Credit Union,
John A. Lockard, Michael A. Wholley,
Denise S. Holmes, and C. J. Warszawski*

6

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of Defendants' Motion to Dismiss, Memorandum of Points and Authorities in Support, and Proposed Order were electronically filed with the Court and, pursuant to Local Rule 5.4(e)(3), mailed, first-class postage prepaid, to the following *pro se* plaintiffs:

Arthur Lee Martin
Emma Lois Martin
Pamela Joy Martin
Michael Ramon Martin
5004 Rayburn Place
Camp Springs, MD  20748

*Pro Se Plaintiffs*

Charles W. Chotvacs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR LEE MARTIN,<br>EMMA LOIS MARTIN,<br>PAMELA JOY MARTIN, AND<br>MICHAEL RAMON MARTIN,<br><br>*Plaintiffs*,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br>JOHN A. LOCKARD,<br>MICHAEL C. WHOLLEY,<br>DENISE S. HOLMES, AND<br>C. J. WARSZAWSKI,<br><br>*Defendants*. | Case No. 1:06CV00159 (JR) |

## PROPOSED ORDER

AND NOW, upon consideration of Defendants' Motion to Dismiss, and the record in this case, it is hereby ORDERED that Defendants' motion is GRANTED and Plaintiff's Complaint is thereby dismissed.

_____  
Date

_____  
James Robertson  
United States District Judge

A copy of the foregoing Order shall be mailed to:

Jeffrey W. Larroca
Charles W. Chotvacs
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005
*Counsel for Navy Federal Credit Union,
John A. Lockard, Michael A. Wholley,
Denise S. Holmes, and C. J. Warszawski*

Arthur Lee Martin
Emma Lois Martin
Pamela Joy Martin
Michael Ramon Martin
5004 Rayburn Place
Camp Springs, MD 20748
*Pro Se Plaintiffs*

2