IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARTHUR LEE MARTIN, ET AL., )
)
    *Plaintiffs*, )
)
v. ) Case No. 1:06CV00159 (JR)
)
NAVY FEDERAL CREDIT UNION, ET AL., )
)
    *Defendants*. )

### NAVY FEDERAL CREDIT UNION'S, JOHN A. LOCKARD'S, MICHAEL C. WHOLLEY'S, DENISE S. HOLMES'S, AND C. J. WARSZAWSKI'S REPLY TO PLAINTIFFS' RESPONSE TO THEIR RULE 12(b)(1), (2), (3), & (6) MOTION TO DISMISS

Defendants Navy Federal Credit Union's ("Navy Federal"), John A. Lockard's, Michael C. Wholley's, Denise S. Holmes's, and C. J. Warszawski's (collectively "Defendants") motion to dismiss pursuant to Rule 12(b)(1), (2), (3), and (6) of the Federal Rules of Civil Procedure should be granted. Plaintiffs Arthur Lee Martin, Emma Lois Martin, Pamela Joy Martin, and Michael Ramon Martin (collectively "Plaintiffs") have failed to demonstrate in their opposition that this Court has jurisdiction over the subject matter or the individual defendants, that venue in this District is proper, or that their complaint states a claim upon which relief can be granted. Thus, dismissal of Plaintiffs' complaint is proper.

### FACTS

On January 30, 2006, Plaintiffs filed a bare-bones complaint against Defendants alleging that they were victims of credit card fraud, and that based on this alleged fraud, monies were taken from their account. Plaintiffs went on to allege that even though these fraudulent actions

were allegedly undertaken by a third party, Navy Federal and the individually named Defendants were somehow liable.

Plaintiff Arthur Lee Martin mailed summonses and complaints to Navy Federal Credit Union and the individually named Defendants via certified mail on January 30, 2006. *See* Docket Entry No. 2, pp. 1-5 (affidavits of service). Process was served upon Michael C. Wholley on February 1, 2006 (as denoted by the date of delivery); upon John A. Lockard on February 1, 2006; upon C.J. Warszawski on February 1, 2006; upon Denise S. Holmes on February 2, 2006; and upon Navy Federal Credit Union on February 3, 2006. *See id.* Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants had 20 days from the date of service of process in which to file an answer or a Rule 12(b) motion to dismiss. *See* FED. R. CIV. P. 12(a)(1)(A), (b); *see also McMillian v. District of Columbia*, 233 F.R.D. 179, 182 (D.D.C. 2005). Messrs. Wholley and Lockard and Ms. Warszawski had until February 21, 2006 to respond; Ms. Holmes had until February 22, 2006; and Navy Federal had until February 23, 2006. *See* Docket Entry No. 2.

In response to Plaintiffs complaint, Defendants filed a timely combined motion to dismiss on February 21, 2006. *See* FED. R. CIV. P. 12(g).[1] Defendants' moved for dismissal for lack of

---

1.   In their March 22nd filing, Plaintiffs argue that Defendants failed to timely respond. (Plaintiffs' Response, p. 2 ¶ 2) (Defendants will address this motion substantively in an opposition to be filed). As discussed above, Plaintiffs are wrong. However, even if Plaintiffs are somehow arguing that the 20 days began running on the day after mailing, or January 31, 2006, instead of the day after service was actually made, their position would still be of no avail. *Cf.* FED. R. CIV. P. 6(a) (under either position, the date of service is not included in the 20-day period). Under such a position, the 20-day period would run on Sunday, February 19, 2006. Pursuant to Rule 6(a), however, if the last day of the period falls on a Saturday, Sunday, or legal holiday, including Washington's Birthday, then the period runs until "the end of the next day which in not one of the aforementioned days." FED. R. CIV. P. 6(a). In this case, the last day of the period would be February 21st, since February 19th was a Sunday and February 20th was Washington's Birthday.

2

subject matter jurisdiction, pursuant to Rule 12(b)(1); lack of personal jurisdiction over the individually named Defendants, pursuant to Rule 12(b)(2); improper venue in this District, pursuant to Rule 12(b)(3); and failure to state a claim upon which relief can be granted, pursuant to rule 12(b)(6).

On March 22, 2006, Plaintiffs filed an answer to Defendants' motion to dismiss, along with what appear to be three other motions in the same document.[2] Plaintiffs also filed what they call a "First Amended Petition" with their answer to Defendants' motion to dismiss. (Plaintiffs' Response, p. 3 ¶ 5). The "Amended Petition" is nothing more than a paragraph in the document, and merely restates what the Plaintiffs' assert in their opposition. (Id. at p. 1 ¶ 1, p. 3 ¶ 5).

**ARGUMENT**

Plaintiffs have failed to demonstrate that their complaint should not be dismissed. Their entire opposition, which consists of five sentences, does nothing to overcome the arguments raised in Defendants' motion to dismiss.

First, the complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). As discussed in Defendants' motion to dismiss, Plaintiffs have failed to demonstrate through their complaint that this Court has jurisdiction over this action based on either diversity jurisdiction or federal question. *See Hoffman v. Fairfax County Redevelopment & Housing Authority*, 276 F. Supp. 2d 14, 17 (D.D.C. 2003) (stating that plaintiff carries the burden of establishing subject-matter jurisdiction, and that "[b]ecause subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a court resolving a Rule 12(b)(1)

---

2. Specifically, Plaintiffs filed a (1) motion for default and sanctions; (2) motion for injunction; and (3) motion for class action status. While each motion only consisted of a numbered paragraph within one document, Defendants will address the motions in a separate combined opposition for ease of operation and since they involve separate issues then are being addressed here.

3

motion must give the complaint's factual allegations closer scrutiny"); *see also Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). In response to Defendants' motion, Plaintiffs merely assert: "As suggested by Defendants in this matter because jurisdiction is proper in this Court, the claim being in excess of the minimum jurisdictional limits of the Court." (Plaintiffs' Response, p. 1 ¶ 1). Plaintiffs' statement does nothing to establish their burden of showing that there is complete diversity of citizenship between Plaintiffs and all of the Defendants. *See Jackson v. Strayer College*, 941 F. Supp. 192, 195 (D.D.C. 1996). Nor does plaintiffs' statement somehow carry their burden of demonstrating that the complaint raises a substantial federal question. *See id.* Because Plaintiffs have failed to prove that this Court has subject matter jurisdiction over the matter, the complaint must be dismissed. FED. R. CIV. P. 12(b)(1).[3]

Second, the complaint should be dismissed as to the individually named defendants because no personal jurisdiction may be established. Neither the complaint nor the response to Defendants' motion to dismiss allege any specific facts that demonstrate purposeful activity by the individually named defendants in the District of Columbia. *See United States v. Smithfield Foods, Inc.*, 332 F. Supp. 2d 55, 60 (D.D.C. 2004). In the response, Plaintiffs assert: "The Defendants are actively engaged in business in the District of Columbia and may be served at Ballard, Spahr, Andrews, & Ingersoll 601 13th Street NW. Washington DC 20005." (Plaintiffs' Response, p. 2 ¶ 1). Such general allegations are insufficient. *See Capital Bank Int'l Ltd. v.*

---

3. Moreover, if the complaint is based upon diversity jurisdiction, and this Court decides that sufficient facts have been pled, plaintiffs still cannot avail themselves of jurisdiction in this Court because one of the individually named Defendants, Denise S. Holmes, is a resident of the State of Maryland, residing in the City of Laurel. Ms. Holmes' Maryland citizenship destroys total diversity among the parties since the address at which the plaintiffs reside is also located within the State of Maryland. *See Jackson*, 941 F. Supp. at 195.

*Citigroup, Inc.*, 276 F. Supp. 2d 72, 74 (D.D.C. 2003) (stating that "[t]he plaintiff must allege specific facts connecting the defendant with the forum. . . . [and] [b]are allegations and conclusory statements are insufficient"). Moreover, the fact that Navy Federal and the individually named Defendants have counsel in the District of Columbia is irrelevant. Thus, personal jurisdiction over the individually named Defendants is lacking and they should be dismissed from this action. *See* FED. R. CIV. P. 12(b)(2); *Trager v. Wallace Berrie & Co.*, 593 F. Supp. 223, 225 (D.D.C. 1984) (dismissing suit against individuals sued in their individual and official capacities where the plaintiff did not proffer any evidence of contacts the defendants had with the District).

Third, the complaint should be dismissed because venue in this District is inappropriate. In its complaint, Plaintiffs failed to plead venue or even enough facts for Defendants to address under what statute—either 28 U.S.C. § 1391(a) or (b)—venue should be addressed. In their response to Defendants' motion to dismiss, Plaintiffs now state that "[v]enue is proper based on the presence in the District of Columbia of an agent or representative of one or more corporate defendants named herein." (Plaintiffs' Response, p. 1 ¶ 1). This assertion, however, still does not demonstrate that venue is proper in the District of Columbia. Under either 28 U.S.C. § 1391(a), the diversity venue statute, or § 1391(b), the federal question venue statute, venue would be appropriate in the District of Columbia if it was either "(1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(1)-(2), (b)(1)-(2). Based on the facts, or the lack thereof, asserted in the complaint, however, neither all the Defendants reside in the District of Columbia, nor did a substantial part of the events giving rise

5

to the claim take place in the District of Columbia. This leaves option number three, which differs depending on whether the action is one based on diversity or federal question. Under 28 U.S.C. § 1391(a)(3) (diversity), an action can be brought where "any defendant is subject to personal jurisdiction." And under 28 U.S.C. § 1391(b)(3) (federal question), an action can be brought where "any defendant may be found." However, under either subsection of the venue statute, a action can only be brought under this third provision "if there is no district in which the action may otherwise be brought." In this case, there is nothing showing that this action could not otherwise be brought in the place in which the plaintiffs allege that the events giving rise to the claim took place. Because plaintiffs' have failed to demonstrate that venue is proper in the District of Columbia, their complaint should be dismissed. *See* FED. R. CIV. P. 12(b)(3); 28 U.S.C. § 1406(a).

Finally, Plaintiffs' complaint should be dismissed because it fails to state a claim upon which relief can be granted. In their answer to Defendants' motion to dismiss pursuant to Rule 12(b)(6), Plaintiffs fail to oppose Defendants' argument that the complaint fails to state a claim. Instead, Plaintiffs merely state: "Plaintiffs Arthur Lee Martin, Emma Lois Martin, Pamela Joy Martin, and Michael Ramon Martin collectively disagree that our complaint should be dismissed." (Plaintiffs' Response, p. 1 ¶ 1). "[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case." *Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002); *accord Zakiya v. United States*, 267 F. Supp. 2d 47, 54-55 (D.D.C. 2003); *Hopkins v. Women's Div., General Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (finding that "because the plaintiff has failed to address the defendants positions that certain claims in the complaint should be

dismissed, the Court will treat those claims as conceded"); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 122 (D.D.C. 2002) (stating that "[t]he court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf in order to counter those in the motion to dismiss"); *see* LCvR 7(b) (stating that "[i]f such a memorandum [in opposition] is not filed within the prescribed time, the Court may treat the motion as conceded"). Moreover, the D.C. Circuit has yet to find a District Court's enforcement of this rule as constituting an abuse of discretion; instead, it will honor the District Court's enforcement of the rule. *See Hopkins*, 238 F. Supp. 2d at 178; *see also Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997). Thus, not only have Plaintiffs failed to state a claim, but they have also failed to oppose Defendants' Rule 12(b)(6) motion to dismiss. As such, this Court should grant the motion on the merits and/or as conceded.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiffs' complaint.

Respectfully submitted,

/s/

Jeffrey W. Larroca #453718
Charles W. Chotvacs #484155
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

April 3, 2006

*Counsel for Navy Federal Credit Union,
John A. Lockard, Michael A. Wholley,
Denise S. Holmes, and C. J. Warszawski*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Reply to Plaintiffs' Response to Their Rule 12(b)(1), (2), (3), & (6) Motion to Dismiss was electronically filed with the Court and, pursuant to Local Rule 5.4(e)(3), sent, UPS Overnight, this 3rd day of April, 2006, to the following *pro se* plaintiffs:

Arthur Lee Martin
Emma Lois Martin
Pamela Joy Martin
Michael Ramon Martin
5004 Rayburn Place
Camp Springs, MD  20748

*Pro Se Plaintiffs*

Charles W. Chotvacs