IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR LEE MARTIN, ET AL., ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> NAVY FEDERAL CREDIT UNION, ET AL., ) <br> ) <br> *Defendants*. ) <br> ) | Case No. 1:06CV00159 (JR) |

**NAVY FEDERAL CREDIT UNION'S, JOHN A. LOCKARD'S,
MICHAEL C. WHOLLEY'S, DENISE S. HOLMES'S, AND C. J. WARSZAWSKI'S
OPPOSITION TO PLAINTIFFS' (1) MOTION FOR DEFAULT AND SANCTIONS,
(2) MOTION FOR A PRELIMINARY INJUNCTION,
& (3) MOTION FOR CLASS ACTION STATUS**

Defendants Navy Federal Credit Union ("Navy Federal"), John A. Lockard, Michael C. Wholley, Denise S. Holmes, and C. J. Warszawski (collectively "Defendants") request that this Court deny Plaintiffs Arthur Lee Martin's, Emma Lois Martin's, Pamela Joy Martin's, and Michael Ramon Martin's (collectively "Plaintiffs") (1) motion for default and sanctions; (2) motion for a preliminary injunction; and (3) motion for class action status because Plaintiffs have failed to demonstrate that they are entitled to the joint relief requested.

## I. FACTS

On January 30, 2006, Plaintiffs filed a bare-bones complaint against Defendants alleging that they are victims of credit card fraud, and that based on this alleged fraud, monies were taken from their account. Plaintiffs allege that even though these fraudulent actions were allegedly undertaken by a third party, Navy Federal and the individually named Defendants are somehow liable.

On February 21, 2006, Defendants filed and served a joint motion to dismiss pursuant to Rule 12(b)(1), (2), (3), & (6). On March 22, 2003, Plaintiffs filed a response. Additionally, Plaintiffs filed what purport to be three motions within the same document.

First, Plaintiffs ask for an order of default against Plaintiffs, alleging that they failed to timely respond to the complaint. Plaintiffs go on to request sanctions against Defendants for this alleged default.

Second, Plaintiffs move for a preliminary injunction against Defendants, asking this Court to enjoin Defendants from allegedly increasing interest and payment rates and collecting what they are owed. Plaintiffs also ask that Defendants return any monies that have been collected on their accounts.

Third, Plaintiffs move for class certification. Plaintiffs allege that there are military personnel who are similarly situated and deserve to have accountability for the money placed with Navy Federal.

## II. ARGUMENT

### A.   Plaintiffs' Motion for Default and Sanctions

Plaintiffs' motion for default and sanctions fails. Plaintiffs allege that Defendants failed to timely respond to the complaint, and, thus, an order of default should be entered and Defendants sanctioned. *See* Docket Entry No. 6, p. 2 ¶ 2. However, Plaintiffs fail to provide any support for their assertion of lack of timeliness and their request for an entry of default, nor do Plaintiffs demonstrate that sanctions are provided for in this context.

First, Plaintiffs provide no support for their motion. Pursuant to Local Rule 7(a), "Each motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of facts." LCvR 7(a);

*see also* FED. R. CIV. P. 55(a). No specific facts have been provided in Plaintiffs one paragraph "motion," nor has any law been cited that support their contentions.

Second, Defendants' response to Plaintiffs complaint was timely. Plaintiffs filed this action on January 30, 2006. *See* Docket Entry No. 1. Plaintiff Arthur Lee Martin allegedly mailed summonses and complaints to Navy Federal Credit Union and the individually named Defendants via certified mail on January 30, 2006. *See* Docket Entry No. 2, pp. 1-5 (affidavits of service). Process was served upon Michael C. Wholley on February 1, 2006 (as denoted by the date of delivery); upon John A. Lockard on February 1, 2006; upon C.J. Warszawski on February 1, 2006; upon Denise S. Holmes on February 2, 2006; and upon Navy Federal Credit Union on February 3, 2006. *See id.* Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants had 20 days from the date of being served in which to serve an answer or a Rule 12(b) motion to dismiss. *See* FED. R. CIV. P. 12(a)(1)(A), 12(b); *see also McMillian v. District of Columbia*, 233 F.R.D. 179, 182 (D.D.C. 2005). Messrs. Wholley and Lockard and Ms. Warszawski had until February 21, 2006 to respond; Ms. Holmes had until February 22, 2006; and Navy Federal had until February 23, 2006. *See* Docket Entry No. 2.

In response to Plaintiffs complaint, Defendants electronically filed and served a timely combined motion to dismiss on February 21, 2006. *See* Docket Entry No. 3; *cf.* FED. R. CIV. P. 12(g). Defendants motion was timely.

**B.     Plaintiffs' Motion for a Preliminary Injunction**

Plaintiffs' motion for a preliminary injunction fails to meet the requisite standard for such relief. *See* Docket Entry No. 6, p. 2 ¶ 3. "To prevail on [a] motion for a preliminary injunction, the plaintiffs must demonstrate that (1) there is a substantial likelihood that they will succeed on the merits; (2) they will be irreparably harmed if an injunction is not granted; (3) an injunction

3

will not cause substantial harm to the other party; and (4) the injunction will further the public interest." *Boivin v. US Airways, Inc.*, 297 F. Supp. 2d 110, 115 (D.D.C. 2003) (Robertson, J.); *accord Potter v. District of Columbia*, 382 F. Supp. 2d 35, 41 (D.D.C. 2005) (Robertson, J.) (noting that "it is the *plaintiffs* that have the burden" (emphasis added)). Moreover, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Boivin*, 297 F. Supp. 2d at 116 (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

In this case, Plaintiffs have failed to make any showing regarding three of the four relevant factors. Specifically, Plaintiffs have failed to show (1) that their claims have a substantial likelihood of success; (2) that Defendants will not be substantially harmed by an injunction; or (3) that the injunction will further public interest. Because of Plaintiffs' failure to address these three factors, the Court should find that any showing made as to any alleged injury is insufficient to warrant preliminary injunctive relief. This is especially true since Plaintiffs have failed to show a likelihood of success on the merits.

> "[A]bsent a 'substantial indication of probable success on the merits, there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review. . . . [Thus,] [w]ithout any probability of prevailing on the merits, the Plaintiffs' purported injuries, no matter how compelling, do not justify preliminary injunctive relief."

*Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 38 F. Supp. 2d 114, 140 (D.D.C. 1999).

The only fact that Plaintiffs seek to demonstrate is the alleged injury they will sustain if a preliminary injunction is not instituted. However, in presenting their argument, Plaintiffs only make bald assertions. Initially, Plaintiffs argue that "Defendants have illegally increased Plaintiffs interest rates fees and payment rates during this time." These facts, however, were never argued in the complaint nor in the response to Defendants' motion to dismiss. Moreover, even if they are considered, they go to the allegations of the suit, not the injuries being suffered.

Plaintiffs also argue that Defendants "continue to ruin Plaintiffs credit ratings and adversely affect plaintiffs physcial [sic] and mental health." Plaintiffs go on to request injunctive relief in order to (1) prevent Defendants from allegedly running up their balances, (2) allegedly using this time to gain money not owed, and (3) to prohibit the continuation of this allegedly unlawful gain. Plaintiffs also seek the return of monies allegedly already obtained. First, Plaintiffs fail to demonstrate with any specificity which Plaintiffs are allegedly being harmed and how they are allegedly being affected mentally and physically. Plaintiffs cannot rely on conclusory statements in order to achieve the extreme remedy of an injunction or to demonstrate *irreparable* harm. Second, the impetus of the injuries being asserted are financial in nature. This Court, however, has stated that "economic loss does not, in and of itself, constitute irreparable harm." *Boivin*, 297 F. Supp. 2d at 118 (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)); *see Int'l Ass'n of Machinists & Aerospace Workers v. Nat'l Mediation Bd.*, 374 F. Supp. 2d 135, 142 (D.D.C. 2005). Third, while Defendants dispute the allegations made by Plaintiffs, the relief they request, especially the return of monies, would cause a reciprocal injury to Navy Federal. Any injury alleged by Plaintiffs, requiring the need for preliminary injunctive relief, would be countered by an injury to Navy Federal. In such cases, the weight of any injury alleged by the plaintiff is countered. *See Davenport v. Int'l Brotherhood of Teamsters, AFL-CIO*, 166 F.3d 356, 367 (D.C. Cir. 1999).

Because Plaintiffs have failed to make a showing on factors one, three, and four, and a cursory showing, at best, on factor two, this Court should deny Plaintiffs motion for a preliminary injunction.

C.    **Plaintiffs' Motion for Class Action Status**

Plaintiffs' motion for class certification fails on its face because it does not demonstrate

the necessary prerequisites for a finding of class status. *See* Docket Entry No. 6, p. 2 ¶ 4. In order to obtain class certification, Plaintiffs must satisfy all of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, and come within one provision of Rule 23(b). *See* FED. R. CIV. P. 23(a), (b); *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 624 (3d Cir. 1996); *McBirney v. Autrey*, 106 F.R.D. 240, 244-45 (N.D. Tex. 1985) (stating that "[t]he burden of demonstrating that the requirements of Rule 23 have been satisfied rests on the party seeking to certify the class").

At the outset, "a court must first find (1) that a class exists, and (2) that the named representative is a member of the class he purports to represent." *EEOC v. Gen. Tel. Co.*, 599 F.3d 322, 327 (9th Cir. 1979); *accord In re Workers Comp.*, 130 F.R.D. 99, 103 (D. Minn. 1990). First, Plaintiffs have failed to show that a class exists, only alleging that other military men and women who are similarly situated deserve to have accountability. No showing has been made that these other military service members actually exist. Second, Plaintiffs are in a catch-22 regarding their representative status. Plaintiffs' motion alleges that only Arthur Lee Martin was a service member and seeks to certify a class consisting of "military men and women." Yet, the motion fails to show how the other Plaintiffs already in this action, presumably Mr. Martin's wife and children, would fall under that heading. As such, Mr. Martin cannot be a representative for these individually named plaintiffs. *See Gen. Tel. Co.*, 599 F.3d at 327 (stating that "[t]he 'member of the class' requirement has been strictly applied when a private party seeks to be named as a class representative").

Additionally, "Rule 23(a) mandates a showing of (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation." *Georgine*, 83 F.3d at 624. Specifically:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is

impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a). In this case, Plaintiffs cannot satisfy the substantive burdens of Rule 23(a). First, Plaintiffs have failed to demonstrate that there are any people in a similar position as that alleged by Plaintiffs, let alone so many that joinder would be impracticable. Second, Plaintiffs have failed to demonstrate that the legal and factual issues asserted in this case are common to others, such that class certification is necessary. For example, in their complaint, Plaintiffs allege that the impetus for their case was credit card fraud by a third-party. This is different from the general assertions they make in the motion for class certification. Third, Plaintiffs fail to demonstrate that their claims are typical of the claims of members of the purported class, since they do not know the approximate size or even if others out there are allegedly so situated. And fourth, Plaintiffs fail to show how they will fairly and adequately protect the interests of the other purported class members.

Moreover, Plaintiffs fail to demonstrate that their case falls within one of the three kinds of class actions that a court can certify under Rule 23(b).

> In general, Rule 23 provides for class certification (1) where separate suits would harm the interests of other individual members of the class under Rule 23(b)(1); (2) where injunctive or declaratory relief is sought for the benefit of the whole class under Rule 23(b)(2); or (3) where the class shares commonality as to issues of fact or law making a class action the best way to proceed under Rule 23(b)(3).

*Pate v. United States*, 328 F. Supp. 2d 62, 69 (D.D.C. 2004); *accord* FED. R. CIV. P. (b)(1)-(3). First, there is no showing that prosecution of separate actions would create a risk of inconsistent adjudications or be dispositive of the interests of the other non-party members of the class. *See* FED. R. CIV. P. 23(b)(1). Second, there is no showing that Defendants have acted in a similar manner as that alleged by Plaintiffs such that injunctive or declaratory relief will be appropriate

with respect to other individuals. *See* FED. R. CIV. P. 23(b)(2). Moreover, in this case, Plaintiffs are seeking monetary relief, not injunctive or declaratory relief, which would counter against certification under Rule 23(b)(2). *See Duncan v. Northwest Airlines, Inc.*, 203 F.R.D. 601, 610-11 (W.D. Wash. 2001) (internal quotations omitted) (stating that "class certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive, and when monetary damages are merely incidental"). Third, there is no showing that common questions of law or fact will so dominate such that a class action will be the best way to proceed. FED. R. CIV. P. 23(b)(3). Moreover, if Plaintiffs are seeking to move under Rule 23(b)(3), they have failed to address the notice statement required pursuant to Local Rule 23.1(c).

Because Plaintiffs have failed to carry their burden and make any substantive showing to establish the requirements of either Rule 23(a) and/or Rule 23(b), this Court should deny their motion for class action status.

### III. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' (1) motion for default and sanctions, (2) motion for a preliminary injunction, and (3) motion for class action status.

Respectfully submitted,

_____
Jeffrey W. Larroca #453718
Charles W. Chotvacs #484155
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

April 5, 2006

*Counsel for Navy Federal Credit Union,
John A. Lockard, Michael A. Wholley,
Denise S. Holmes, and C. J. Warszawski*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Opposition to Plaintiffs' (1) Motion for Default and Sanctions, (2) Motion for a Preliminary Injunction, & (3) Motion for Class Action Status was electronically filed with the Court and, pursuant to Local Rule 5.4(e)(3), mailed, first-class postage prepaid, this 5th day of April, 2006, to the following *pro se* plaintiffs:

    Arthur Lee Martin
    Emma Lois Martin
    Pamela Joy Martin
    Michael Ramon Martin
    5004 Rayburn Place
    Camp Springs, MD  20748

    *Pro Se Plaintiffs*

                                                   Charles W. Chotvacs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR LEE MARTIN, ET AL., | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No. 1:06CV00159 (JR) |
| NAVY FEDERAL CREDIT UNION, ET AL., | ) |
| *Defendants*. | ) |

**PROPOSED ORDER**

AND NOW, upon consideration of Plaintiffs' Motion for Default and Sanctions, and the record in this case, it is hereby ORDERED that Plaintiffs' motion is DENIED.

_____          _____
Date                                                                      James Robertson
                                                                                     United States District Judge

<u>A copy of the foregoing Order shall be mailed to:</u>

Jeffrey W. Larroca
Charles W. Chotvacs
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005
*Counsel for Navy Federal Credit Union,*
*John A Lockard, Michael A. Wholley,*
*Denise S. Holmes, and C.J. Warszawski*

Arthur Lee Martin
Emma Lois Martin
Pamela Joy Martin
Michael Ramon Martin
5004 Rayburn Place
Camp Springs, MD 20748
*Pro Se Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ARTHUR LEE MARTIN, ET AL.,<br><br>*Plaintiffs*,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION, ET AL.,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)   Case No. 1:06CV00159 (JR)<br>)<br>)<br>)<br>)<br>) |

## **PROPOSED ORDER**

AND NOW, upon consideration of Plaintiffs' Motion for a Preliminary Injunction, and the record in this case, it is hereby ORDERED that Plaintiffs' motion is DENIED.

_____
Date

_____
James Robertson
United States District Judge

<u>A copy of the foregoing Order shall be mailed to</u>:

Jeffrey W. Larroca
Charles W. Chotvacs
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005
*Counsel for Navy Federal Credit Union,*
*John A Lockard, Michael A. Wholley,*
*Denise S. Holmes, and C.J. Warszawski*

Arthur Lee Martin
Emma Lois Martin
Pamela Joy Martin
Michael Ramon Martin
5004 Rayburn Place
Camp Springs, MD 20748
*Pro Se Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARTHUR LEE MARTIN, ET AL., | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Case No. 1:06CV00159 (JR) |
| NAVY FEDERAL CREDIT UNION, ET AL., | ) ) ) | |
| *Defendants*. | ) ) | |

## PROPOSED ORDER

AND NOW, upon consideration of Plaintiffs' Motion for Class Action Status, and the record in this case, it is hereby ORDERED that Plaintiffs' motion is DENIED.

_____       _____
Date                                             James Robertson
                                                 United States District Judge

<u>A copy of the foregoing Order shall be mailed to</u>:

Jeffrey W. Larroca
Charles W. Chotvacs
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C.  20005
*Counsel for Navy Federal Credit Union,
John A Lockard, Michael A. Wholley,
Denise S. Holmes, and C.J. Warszawski*

Arthur Lee Martin
Emma Lois Martin
Pamela Joy Martin
Michael Ramon Martin
5004 Rayburn Place
Camp Springs, MD  20748
*Pro Se Plaintiffs*